BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE REA EXPRESS, INC., PRIVATE )
TREBLE DAMAGE ANTITRUST LITIGATION ) DOCKET NO. 115

DEC 21 1972

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

REA Express, Inc., an express common carrier, initiated an action in the Eastern District of Pennsylvania against more than 160 railroads under Sections 1 and 2 of the Sherman Act. Many of the defendant railroads objected to the venue of the action and to service of process. These objections were resolved by the transfer of the action against certain of the defendants to eight other districts. REA now seeks the transfer of those eight identical antitrust actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the action pending there, pursuant to 28 U.S.C. §1407.

REA also seeks transfer of two additional actions in which it is a defendant. The first is brought by the St. Louis-Southwestern Railway Co. in the Northern District of California, alleging that REA has failed to pay it for transportation of

---

\* Judge Alfred P. Murrah took no part in the consideration or decision of this matter.

- 2 -

express traffic. The second action naming REA as a defendant is brought by the Seaboard Coast Line Railroad Co. in the Middle District of Florida, seeking recovery of sums allegedly due from REA for services rendered.

The defendant railroads agree on the desirability of transferring all actions, except the Seaboard action, to the Eastern District of Pennsylvania. We find that all actions, including the Seaboard action, share extensive common issues of fact and that their transfer to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and further the just and efficient conduct of the litigation.

In its antitrust actions REA alleges that the defendant railroads, including the St. Louis-Southwestern and the Seaboard Coast Line, combined and conspired, from 1929 to the present, to avoid competition in furnishing transportation services to REA, to impose excessive charges for the use of their facilities and to prevent REA from competing with them or using other methods of transportation. The alleged conspiracy is said to have been a misuse of the defendants' monopoly power and an expansion of their monopoly into the express business.

One of the central questions common to all the antitrust cases is whether the railroads conspired to force REA to pay more than was required for transportation of trailers on flat cars (piggy back service). REA apparently asserts

that, as a common carrier, it was not obligated to pay published ICC tariff rates for such service but could negotiate lower rates from the railroads. It alleges, however, that in 1967 the defendants, through their control of REA's stock, forced it to adopt a policy of paying ICC tariffs (Plan II 1/2 and Plan III tariffs) for piggyback service from the defendants. The defendants deny these allegations. The need for coordinated pretrial proceedings in these antitrust cases is clearly established by these common issues of fact.

In the St. Louis-Southwestern case the plaintiff is seeking recovery for transportation services rendered REA pursuant to a regional master agreement which REA alleges to be part of the antitrust conspiracy. St. Louis-Southwestern has asserted the same claim as a counterclaim in REA's Pennsylvania antitrust suit. As the filing of the Pennsylvania counterclaim indicates, the St. Louis-Southwestern action arises from the same factual background as the antitrust cases and should be assigned to the same judge for pretrial proceedings.

Seaboard, joined by the other railroads, urges that insufficient common questions of fact are raised by the second amended complaint in its Florida action to support pretrial coordination with the remaining actions. 1/ It asserts that

---

1/ At the hearing on this matter, Seaboard also urged that transfer would be premature because REA had not yet responded to its second amended complaint and no accurate evaluation could be made of the questions of fact common to the Florida and other actions. Since that time REA has filed an answer to the amended complaint and a counterclaim under the antitrust laws.

the Florida action was brought to recover for transportation services rendered REA in 1967 and 1968 and that the basis for this recovery is not the agreements between REA and the railroads attacked in the Pennsylvania action but a series of specific agreements between Seaboard and REA based on the ICC-approved tariff rates.

A review of the pleadings in this case leads to the opposite conclusion and makes clear the need to include it in coordinated pretrial proceedings. The first amended complaint of Seaboard in Florida specifically pleaded REA's 1967 policy in support of its claim for Plan II 1/2 and III tariffs from REA for piggyback and related services. The second amended complaint has eliminated this reference and seeks recovery in three counts. The first count asserts that Seaboard is entitled to the tariffs on the basis of specific contracts formed by correspondence between REA and Seaboard. The second count asserts that, absent specific contracts, the ICC's Plan II 1/2 and III rates were applicable to the piggyback service provided REA; and the third count seeks recovery of the tariff rates as reasonable value of these services.

REA's answer denies the existence of the alleged contracts and the applicability of the Plan II 1/2 and III tariffs. As an affirmative defense it alleges that any contracts were

---

1/ (cont.)
Seaboard has filed an amended answer to portions of that counterclaim and several motions: one to strike certain affirmative defenses asserted by REA in its answer, one for a more definite statement of certain counts of the counterclaim and one to sever certain counts of the counterclaim for trial. The filing of these pleadings disposes of the prematurity argument.

the result of the railroads' conspiracy to restrain competition in dealing with REA and to fix minimum prices for services to REA. Seaboard has moved to strike this defense. In its counterclaim REA makes allegations of conspiratorial conduct to restrain trade and to expand the railroads' monoply, which are identical to the allegations in the antitrust actions discussed earlier. Seaboard denies these allegations in its answer and moves to sever this aspect of the counterclaim for trial, urging that the Florida court not exercise jurisdiction and suggesting it would have no objection to the transfer of the antitrust counterclaims to the Eastern District of Pennsylvania for pretrial proceedings.

Without expressing any views on the merits of Seaboard's motion for severance of REA's antitrust allegations for trial, we do not think the pretrial development of Seaboard's claims against REA may be so neatly disentangled from the pretrial development of REA's antitrust allegations. The factual background for both sets of claims is largely common. Although Seaboard no longer specifically relies on the 1967 tariff policy challenged in the REA antitrust suits, the transactions in question apparently occurred during the effective period of the policy and many of the documents and witnesses relevant to the antitrust suits will also be relevant to Seaboard's suit. [2/] In view of the likelihood of duplicative discovery the Seaboard action

---

[2/] Seaboard also suggests that transfer is inappropriate because its discovery is virtually completed, in spite of the recent filing of its amended complaint. It appears, however, that REA intends to depose the officials of Seaboard and other railroads and the remaining discovery should be coordinated with that in the other cases.

must be transferred for coordinated or consolidated pretrial proceedings with the other cases.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A pending in other districts be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward Becker for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions listed in Schedule A and pending in that district.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN 17 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE REA EXPRESS, INC., PRIVATE         )
TREBLE DAMAGE ANTITRUST LITIGATION       )
                                         )
<u>Chicago, Milwaukee, St. Paul &</u>        )         DOCKET NO. 115
<u>Pacific Railroad Co. v. REA</u>            )
<u>Express, Inc.</u>, N.D. Illinois,          )
Civil Action No. 74 C 1093               )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

The Panel previously transferred all actions in this litigation to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1] REA Express,

---

* Although Judges Weigel and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

[1] In re REA Express, Inc., Private Treble Damage Antitrust Litigation, 352 F. Supp. 803 (J.P.M.L. 1972).

Inc. moves the Panel for an order likewise transferring the above-captioned action to the Eastern District of Pennsylvania for inclusion in the proceedings pending there. Plaintiff Chicago, Milwaukee, St. Paul & Pacific Railroad Company and the bulk of the railroad defendants in the actions before the transferee court oppose transfer at this time and suggest that REA's motion be denied without prejudice to its renewal should the court in the Northern District of Illinois deny certain motions filed by plaintiff.

We find that this action involves questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

This action was instituted in the Northern District of Illinois. Plaintiff alleges that REA failed to pay it for the interstate transportation of 209 empty railroad freight cars to Green Bay, Wisconsin. This non-payment

-- 3 --

stems from plaintiff's additional transportation charges to REA as a result of its recomputation of the tariff rates allegedly applicable. REA denies liability for the additional charges contending that it has made payment in accordance with the individually negotiated rate between it and plaintiff. REA has also asserted a counterclaim naming plaintiff as a member of the conspiracy alleged by REA in the actions in the transferee court. Plaintiff has filed motions in the Northern District of Illinois seeking dismissal of REA's counterclaim and an order striking its affirmative defense. Resolution of those motions has been stayed by the Illinois court pending the Panel's disposition of REA's request for Section 1407 transfer.

The opponents of transfer concede the existence of common questions of fact between REA's defense and counterclaim in the instant action and its claims of conspiracy in the transferee court. They argue, however, that the requested transfer should be denied at this time because a favorable ruling on plaintiff's motions by the court in the Northern District of Illinois would eliminate that commonality. Moreover, they contend, the issues raised by plaintiff's motions are independent of the issues raised in motions before the transferee court and, hence, transfer prior to a ruling on plaintiff's motions will not serve judicial economy.

As all parties recognize, common factual questions between REA's defense and counterclaim in the instant action and its antitrust claims in the transferee court plainly exist.

- 4 -

And we are not convinced that the issues raised in the motions before the court in the Northern District of Illinois are as readily distinguishable from the issues raised in motions before the transferee court as the opponents of transfer suggest. For example, questions relating to the viability of an antitrust defense to suits brought by regulated carriers under ICC tariffs are before both courts. We perceive little benefit to be derived from denying REA's motion for transfer without prejudice pending decision of plaintiff's motions by the court in the Northern District of Illinois. In view of the fact that the transferee judge is fully familiar with the factual and legal background of all of these disputes, and because decision on plaintiff's motions has been stayed pending our ruling, we believe that sound judicial management requires transfer of the instant action for coordinated or consolidated pretrial proceedings with the previously transferred litigation. In the event the transferee court grants plaintiff's motions, procedures are available whereby its claims may, if appropriate, be returned to the Northern District of Illinois. 28 U.S.C. §1407(a); R.P.J.P.M.L. 15(c), 53 F.R.D. 119, 125 (1971), as amended 55 F.R.D. LI (1972).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action, Chicago, Milwaukee, St. Paul & Pacific Railroad Company v. REA Express, Inc., N.D. Illinois, Civil Action No. 74 C 1093, be, and the same hereby is, transferred to the

- 5 -

Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings with the actions pending there.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
JAN 17 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE REA EXPRESS, INC., PRIVATE       )
TREBLE DAMAGE ANTITRUST LITIGATION     )
                                       )
<u>Chicago, Milwaukee, St. Paul &amp;</u>       )    DOCKET NO. 115
<u>Pacific Railroad Co. v. REA</u>            )
<u>Express, Inc.</u>, N.D. Illinois,         )
Civil Action No. 74 C 1093             )

OPINION AND ORDER
------

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL*, JUDGES OF THE PANEL
------

PER CURIAM

The Panel previously transferred all actions in this litigation to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.[1] REA Express,

------

\* Although Judges Weigel and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

[1] In re REA Express, Inc., Private Treble Damage Antitrust Litigation, 352 F. Supp. 803 (J.P.M.L. 1972).

Inc. moves the Panel for an order likewise transferring the above-captioned action to the Eastern District of Pennsylvania for inclusion in the proceedings pending there. Plaintiff Chicago, Milwaukee, St. Paul & Pacific Railroad Company and the bulk of the railroad defendants in the actions before the transferee court oppose transfer at this time and suggest that REA's motion be denied without prejudice to its renewal should the court in the Northern District of Illinois deny certain motions filed by plaintiff.

We find that this action involves questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of parties and witnesses and promote the just and efficient conduct of the litigation.

This action was instituted in the Northern District of Illinois. Plaintiff alleges that REA failed to pay it for the interstate transportation of 209 empty railroad freight cars to Green Bay, Wisconsin. This non-payment

-- 3 --

stems from plaintiff's additional transportation charges to REA as a result of its recomputation of the tariff rates allegedly applicable. REA denies liability for the additional charges contending that it has made payment in accordance with the individually negotiated rate between it and plaintiff. REA has also asserted a counterclaim naming plaintiff as a member of the conspiracy alleged by REA in the actions in the transferee court. Plaintiff has filed motions in the Northern District of Illinois seeking dismissal of REA's counterclaim and an order striking its affirmative defense. Resolution of those motions has been stayed by the Illinois court pending the Panel's disposition of REA's request for Section 1407 transfer.

The opponents of transfer concede the existence of common questions of fact between REA's defense and counterclaim in the instant action and its claims of conspiracy in the transferee court. They argue, however, that the requested transfer should be denied at this time because a favorable ruling on plaintiff's motions by the court in the Northern District of Illinois would eliminate that commonality. Moreover, they contend, the issues raised by plaintiff's motions are independent of the issues raised in motions before the transferee court and, hence, transfer prior to a ruling on plaintiff's motions will not serve judicial economy.

As all parties recognize, common factual questions between REA's defense and counterclaim in the instant action and its antitrust claims in the transferee court plainly exist.

And we are not convinced that the issues raised in the motions before the court in the Northern District of Illinois are as readily distinguishable from the issues raised in motions before the transferee court as the opponents of transfer suggest. For example, questions relating to the viability of an antitrust defense to suits brought by regulated carriers under ICC tariffs are before both courts. We perceive little benefit to be derived from denying REA's motion for transfer without prejudice pending decision of plaintiff's motions by the court in the Northern District of Illinois. In view of the fact that the transferee judge is fully familiar with the factual and legal background of all of these disputes, and because decision on plaintiff's motions has been stayed pending our ruling, we believe that sound judicial management requires transfer of the instant action for coordinated or consolidated pretrial proceedings with the previously transferred litigation. In the event the transferee court grants plaintiff's motions, procedures are available whereby its claims may, if appropriate, be returned to the Northern District of Illinois. 28 U.S.C. §1407(a); R.P.J.P.M.L. 15(c), 53 F.R.D. 119, 125 (1971), as amended 55 F.R.D. LI (1972).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action, Chicago, Milwaukee, St. Paul & Pacific Railroad Company v. REA Express, Inc., N.D. Illinois, Civil Action No. 74 C 1093, be, and the same hereby is, transferred to the

–  5  –

Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Edward R. Becker for coordinated or consolidated pretrial proceedings with the actions pending there.